JUDSON & CO. *v.* N. HOLMES et al.

The law does not require the holder of a promissory note to prove the circumstances under which he obtained possession of it, except where the want or failure, or illegality of the original consideration is *clearly* shown, and in case of a lost or stolen instrument.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Hoofman & Ogden*, for plaintiffs. *Hanly*, for defendants.

BUCHANAN, J. This is a suit upon a promissory note by endorsee against maker and endorser. The defence is want of consideration, and that the note was fraudulently sold and conveyed to plaintiffs, at an enormous discount, by one *Jones*—a man of notoriously bad character, and well known as such by plaintiffs—which *Jones* was without any interest in the note at the time of the transfer. The only evidence offered by defendants, is a witness named *John C. Mosely*, who testifies, that he was present when the note was signed by defendant, *Holmes*, " endorsed by him and *Waterman*, and given to *Jones* for the purpose of buying a vessel—the note to be given to Mr. *Hughes* by *Jones; Jones* did not go to buy the vessel according to promise; *Jones* was instructed to carry the note to Mr. *Hughes* for the purpose of paying for the vessel; the one-half of the vessel was to belong to Mr. *Holmes*, and *Jones* was to buy the other half; the note given to *Jones* was to pay for *Holmes*' half; *Jones* had no property in the note." No evidence is given of the circumstances under which the note came into the hands of plaintiffs—although the protest shows it was held by them at maturity. Judgment having been rendered against the defendants, they moved for a suspensive appeal. The bond of appeal is in the name of *Holmes* alone, as principal, from which we infer that *Waterman* has abandoned his appeal.

We think that the evidence does not support the plea of the defendants. The testimony of *Mosely* not only proves that there was a consideration for the note, namely, a contemplated purchase of a vessel, but that *Jones*—who is described in the answer to be " a man of notoriously bad character, and as such well known to the plaintiff"—was in fact the agent and prospective partner of the appellant. We are told by the witness, to be sure, that *Jones* did not go to buy the vessel according to promise, and we are left to infer that *Jones* negotiated the note with the plaintiffs for his own account, and in fraud of appellant; but this is mere matter of inference. From very vague and unsatisfactory premises, one thing strikes us as deserving of attention in the connection. The note was payable ninety days after date. The defendants, the party (*Hughes*) to whom this note was intended to be conveyed, *Jones*, the agent of defendants, and the plaintiffs, all resided in New Orleans. If the note was divested of its legitimate destination by *Jones*, that fact must have been immediately known to appellant, by his failing to get possession of his vessel, which he expected to buy with this note. In the three months which intervened before the maturity of the note, the defendants had ample time to warn the public against trading for or negotiating the note. We think the defendants should have taken some such steps, and that their neglect to do so, absolves plaintiffs from the obligation of proving the circumstances under which they obtained possession of the note—a kind of proof very hard to make ; and which the law only requires, in cases where the want or failure, or illegality of the original consideration of the instrument, is clearly

shown, and in case of a lost or stolen instrument. Until such exceptional case is made out by the proof, the holder is presumed to be *prima facie* a holder for value. Story on Bills, sec. 196.

It is proper to observe, that the answer of defendants, although it charges fraud on the part of *Jones*, does not distinctly aver fraud on the part of the plaintiffs, and admits that some value was given for the note.

Judgment affirmed—costs in both Courts.